IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| FLOYD JUNIOR JAYCOX, Institutional ID No. 01220652, SID No. 05269759, Plaintiff, | § § § § § | |
| v. | § | No. 5:23-CV-213-BQ |
| TDCJ ID AGENCY, *et al.*, Defendants. | § § § § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is pro se Plaintiff Floyd Junior Jaycox's Motion for Leave to Ask this Court for its Injunction for Protection.[1] Mot. for Leave to Ask this Ct. for its Inj. for Prot. 1, ECF No. 22 [hereinafter Mot.].[2] The Court construes Jaycox's motion as one seeking injunctive relief. Jaycox, an inmate recently transferred to the Texas Department of Criminal Justice (TDCJ) William P. Clements Unit (Clements), alleges that he is in fear for his safety because he is mentally ill and should not be housed with dangerous inmates. *Id.* at 1–2; *see also* ECF No. 23 (changing address to Clements). Not all parties have consented to proceed before the undersigned magistrate judge. The undersigned therefore makes the following Findings, Conclusions, and Recommendation to the United States District Judge.

---

[1] The undersigned liberally construes this document as a motion for issuance of a preliminary injunction and temporary restraining order.

[2] Page citations to Jaycox's Motion refer to the page numbers assigned by the Court's electronic filing system.

## I.     Legal Standard

"An injunction is an extraordinary remedy and should not issue except upon a clear showing of possible irreparable injury." *Lewis v. S.S. Baune*, 534 F.2d 1115, 1121 (5th Cir. 1976). Courts should not grant injunctive relief "routinely, but only when the movant, by a clear showing, carries the burden of persuasion." *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989) (quoting *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985)); *see Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985) (explaining that "[t]he decision to grant a preliminary injunction is to be treated as the exception rather than the rule").

To secure a preliminary injunction or temporary restraining order (TRO), a movant must demonstrate:

1. A substantial likelihood of success on the merits of his case;
2. A substantial threat of irreparable injury if the injunction is not granted;
3. The threatened injury to the movant outweighs any damage the injunction will cause the non-movant; and
4. The injunction will not have an adverse effect on the public interest.

*Women's Med. Ctr. v. Bell*, 248 F.3d 411, 418–20 (5th Cir. 2001); *see Enter. Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 472 (5th Cir. 1985) (providing that "if the movant does not succeed in carrying its burden on any one of the four prerequisites, a preliminary injunction may not issue"); *Bar J-B Co. v. Tex. Dep't of Transp.*, No. 3:18-cv-0576-M, 2018 WL 2971138, at *1 (N.D. Tex. Mar. 13, 2018) (explaining that a movant must establish the elements of a preliminary injunction to obtain a TRO because "[a] TRO is a highly accelerated and temporary form of preliminary injunctive relief" (internal quotation marks and citation omitted)).

When a plaintiff seeks injunctive relief that would require a court to interfere with the administration of a state jail, "appropriate consideration must be given to principles of federalism in determining the availability and scope of equitable relief." *Rizzo v. Goode*, 423 U.S. 362, 379 (1976). In assessing whether an injunction serves the public interest, jail administrators must be afforded deference in the way they operate the prison. *Bell v. Wolfish*, 441 U.S. 520, 547 (1979). The Prison Litigation Reform Act (PLRA) further restricts a federal court's authority to issue injunctions in regard to prison conditions—courts must "give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief," and any "[p]reliminary injunctive relief [granted] must be narrowly drawn, extend no further than necessary to correct the harm," and "be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2).

## II.    Discussion

Initially, the Court observes that Jaycox has not provided notice of his request for injunctive relief to the opposing parties. *See* Mot. 1–5. For this reason alone, his motion should be denied.[3] *See* FED. R. CIV. P. 65(a)(1) (providing that a court "may issue a preliminary injunction *only* on notice to the adverse party" (emphasis added)); *King v. TDCJ*, No. 3:15-CV-1365-N-BH, 2016 WL 8671926, at *1 (N.D. Tex. Jan. 8, 2016) (recommending denial of plaintiff's request for preliminary injunction because he had not satisfied the notice requirement of Rule 65(a)).

Moreover, Jaycox's new allegations are distinct from his pending claims in this action and would be more properly considered in a separate § 1983 action. Although Jaycox's motion asserts

---

[3] Under FED. R. CIV. P. 65(b)(1), the Court may issue a TRO without notice to the adverse party, but only where: (1) "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition"; and (2) the movant "certifies in writing any effort made to give notice and the reasons why it should not be required." Jaycox has not satisfied either element. Thus, his TRO request should also be denied. *See Liccardi v. Smith*, No. 3:21-CV-0314-E (BH), 2021 WL 1649056, at *1 (N.D. Tex. Apr. 9, 2021) (recommending denial of plaintiff's motion for TRO based in part on her failure to satisfy Rule 65(b)'s requirements), *R. & R. adopted by* 2021 WL 1626503 (N.D. Tex. Apr. 27, 2021).

similar unlawful conduct, the allegations in his motion are based on events that occurred at an entirely different unit. *Compare* Compl. 3, ECF No. 1 (complaining that Defendants failed to protect him from gang members who attacked him at the Montford Unit), *with* Mot. 1, 4 (averring that unspecified prison officials at Clements are threatening to place him with violent offenders who will attack him). That is, Jaycox attempts to raise factually distinct claims based on a recent, discrete incident.

Moreover, Jaycox has not shown that the threatened harm to him outweighs the harm the injunctive order might cause TDCJ. In his motion, Jaycox claims he was recently transferred to a high security and dangerous prison unit where "prison officials are threatening to place [him] in the general population with the other dangerous inmates" even though Jaycox is mentally ill. Mot. 1 (cleaned up). Jaycox avers that if this happens, he will be "attacked, raped, [and] assaulted d[ue] to his mental health disabilities." *Id.* (cleaned up). Jaycox therefore asks this Court to "order . . . Defendants to protect [him]" and "place [him] in a single segregation cell." *Id.*

The relief Jaycox seeks impermissibly involves the Court in prison administration and institutional security. Because Jaycox has made only conclusory assertions concerning possible future injury, he fails to adequately demonstrate that this alleged harm overcomes the consideration owed to prison administrators. *See Bell*, 441 U.S. at 547–48, 562 (explaining that courts should accord prison administrators "wide-ranging deference" in operating correctional institutions, as they are the experts in maintaining institutional security, and cautioning courts against becoming "enmeshed in the minutiae of prison operations"); *Wilkerson v. Stalder*, 329 F.3d 431, 436 (5th Cir. 2003) ("Prison officials should be accorded the widest possible deference in the application of policies and practices designed to maintain security and preserve internal order." (internal quotation marks and citation omitted)); *Young v. Wainwright*, 449 F.2d 338, 339 (5th Cir. 1971)

(per curiam) ("Classification of inmates is a matter of prison administration and management with which federal courts are reluctant to interfere except in extreme circumstances.").

Jaycox also possesses no constitutional right to housing in a particular TDCJ unit or area within a unit, and the Court will not interfere with prison administration absent a showing of intentional constitutional violations. *Young*, 449 F.2d at 339 (affirming district court's denial of injunction to obtain release from administrative segregation); *Meachum v. Fano*, 427 U.S. 215, 224 (1976) (stating that "[t]he Constitution does not . . . guarantee that the convicted prisoner will be placed in any particular prison"); *Addison v. McVea*, No. 13-5264, 2014 WL 7137565, at *2 (E.D. La. Dec. 15, 2014) (recommending denial of prisoner's request for injunctive relief in the form of an institutional transfer, noting that the Constitution does not confer right to be housed in a particular prison).

### III. Recommendation

For the foregoing reasons, the undersigned recommends that the United States District Judge **DENY** Floyd Junior Jaycox's motion seeking injunctive relief. ECF No. 22.

Once these findings and conclusions have been docketed, the Clerk is **DIRECTED** to refer it to the Honorable James Wesley Hendrix, United States District Judge, for final disposition of Jaycox's motion.

### IV. Right To Object

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2016); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding, conclusion, or recommendation to which objection is made,

state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

**SO ORDERED.**

Dated: July 10, 2024.

_____
D. GORDON BRYANT, JR.
UNITED STATES MAGISTRATE JUDGE